## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HIAWATHA C. BRUNER,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-0752-11-0467-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　Agency. | DATE: September 4, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Hiawatha Curtis Bruner</u>, Oklahoma City, Oklahoma, pro se.

<u>Joan M. Green</u>, Oklahoma City, Oklahoma, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as withdrawn. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown, 5 C.F.R. § 1201.114(e), (g), and his request to reopen his appeal is DENIED, 5 C.F.R. § 1201.118.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was removed from his position as a Program Specialist, effective April 20, 2011, for alleged misconduct and timely appealed his removal to the Board on May 12, 2011. Initial Appeal File (IAF), Tabs 1, 8 at 2-3. On August 9, 2011, the appellant's attorney withdrew the appeal during a teleconference, and the administrative judge issued an initial decision dismissing the appeal as withdrawn. IAF, Tab 13, Initial Decision (ID) at 1-2. The initial decision informed the appellant that it would become final on September 13, 2011, unless a petition for review was filed by that date. ID at 2.

On October 16, 2023, the appellant filed a petition for review, in which he argues that the administrative judge dismissed the appeal based solely on counsel's assertion during the teleconference and without the appellant's approval, and he asks the Board to reconsider the initial decision due to inadequate legal representation during the proceedings below. Petition for Review (PFR) File, Tab 4 at 1-3. The Office of the Clerk of the Board notified the appellant that his petition for review was untimely filed and provided him with the opportunity to file a motion to accept the filing as timely or to waive the time limit for good cause with an affidavit or sworn statement. PFR File, Tab 5 at 1-2. The appellant did not respond to the acknowledgement letter, and the agency did not respond to the appellant's petition.

## ANALYSIS

The appellant's petition for review is untimely filed without good cause shown.

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that he received the initial decision more than 5 days after it was issued, within 30 days after he received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). As noted, the initial decision informed the appellant that a petition for review had to be filed by

September 13, 2011, ID at 1; however, he did not submit his petition for review until October 16, 2023—more than 12 years after the deadline, PFR File, Tab 4. The appellant did not respond to the Office of the Clerk of the Board's acknowledgement letter on timeliness, and he has not otherwise alleged that he received the initial decision more than 5 days after its issuance or that he timely filed his petition for review within 30 days of his delayed receipt of the initial decision. Thus, we find that the appellant's petition for review was untimely filed.

¶5      The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.113(d), 1201.114(f). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Id.* Here, the appellant's 12-year delay in filing his petition for review is significant, and the record shows that he was represented by counsel throughout that period. *Cf. Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶¶ 3, 8 (2008) (finding a delay of more than 1 month to be significant, notwithstanding the appellant's pro se status); IAF, Tab 9; PFR File, Tab 4 at 4. Although the appellant argues that his legal representation throughout the proceedings below was inadequate and suggests that his counsel withdrew the appeal without his authorization, PFR File, Tab 4 at 1-3, he has not explained how the withdrawal of his appeal precluded him from timely filing a petition for

review of the initial decision. Furthermore, it is well established that the appellant is responsible for the errors of his chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981); *see Helmstetter v. Department of Homeland Security*, 106 M.S.P.R. 101, ¶ 11 (2007) (finding that the appellant bears the ultimate responsibility for pursuing his appeal). Finally, he has not shown, or alleged, that any other circumstances affected his ability to comply with the time limit. Therefore, we conclude that the appellant has failed to demonstrate good cause for the untimeliness of his petition for review.

<u>We deny the appellant's request to reopen his appeal of the agency's removal decision.</u>

¶6        We also consider the appellant's petition for review as a request to reopen his withdrawn appeal. *Little v. Government Printing Office*, 99 M.S.P.R. 292, ¶ 10 (2005). A withdrawal is an act of finality that removes the appeal from the Board's jurisdiction. *Bilbrew v. U.S. Postal Service*, 111 M.S.P.R. 34, ¶ 14 (2009); *Little*, 99 M.S.P.R. 292, ¶ 10. Absent unusual circumstances, such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn merely because the appellant wishes to proceed before the Board or to cure an untimely petition for review. *Cason v. Department of the Army*, 118 M.S.P.R. 58, ¶ 5 (2012); *Bilbrew*, 111 M.S.P.R. 34, ¶ 14. Although a voluntary withdrawal must be clear, unequivocal, and decisive, withdrawal of the appeal by the appellant's designated representative has the same effect as a withdrawal by the appellant himself. *Bilbrew*, 111 M.S.P.R. 34, ¶ 14. As noted, the Board has consistently held that an appellant is responsible for the actions of his chosen representative. *Id.*; *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670. A case may be reopened in the interests of justice where the evidence is of such weight as to warrant a different outcome, but the Board will reopen a case only if the appellant has exercised due diligence in seeking reopening. *Bilbrew*, 111 M.S.P.R. 34, ¶ 14. Furthermore, the Board's authority to reopen a case is limited by the requirement that such authority be

exercised within a reasonably short period of time. *Trachtenberg v. Department of Defense*, 104 M.S.P.R. 640, ¶ 12 (2007). That period of time is usually measured in weeks, not months or years. *Id.*

¶7    Here, the appellant has not provided new evidence or alleged that the withdrawal was the result of misinformation. Although he alleges that the administrative judge accepted counsel's withdrawal request without the appellant's approval, PFR File, Tab 4 at 1-3, he does not allege that his designated representative withdrew the appeal against his express directions or without his knowledge. Indeed, the appellant's failure to timely object to the dismissal of his appeal in the intervening years reflects that the withdrawal was authorized; moreover, it shows that he did not exercise due diligence in seeking reinstatement of his appeal, as he waited 12 years after the initial decision was issued to do so. *See Bilbrew*, 111 M.S.P.R. 34, ¶ 14 (finding that the appellant did not exercise due diligence when he waited 2 months after the initial decision was issued to file a request to reopen). In conclusion, the appellant has not provided any evidence of circumstances that would warrant a different outcome, and therefore, we deny the appellant's request to reopen this appeal.

## ORDER

¶8    In light of the foregoing, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's withdrawal of his appeal of his April 20, 2011 removal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420. If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.